UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anderson Lee Jacobs, | Case No. 23-CV-0222 (JWB/ECW) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Discovery ID Media Co, Polk Co WI Sheriff Dept, Brent Waak, and Mark Biller, | |
| Defendants. | |

This matter is before the Court on Plaintiff Anderson Lee Jacobs's (1) Complaint (Dkt. 1) and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2 ("IFP Application")). For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

## I.   BACKGROUND

The Court received the Complaint on January 27, 2023. (*See* Docket.) The Complaint is not entirely clear, but it seems that Jacobs wants to sue five defendants: (1) "Discovery Media Co," which the Court sees as an attempt to sue the media conglomerate Warner Bros. Discovery, Inc. ("Warner Bros. Discovery");[1] (2) "Polk Co

---

[1] To the extent that the Court's is wrong here, and Jacobs means something else by "Discovery Media Co," it makes no difference for present purposes. As discussed below, the Court recommends dismissing any claims in the Complaint against this defendant, and the reasons why have nothing to do with this defendant's identity.

Wi Sheriff Dept," which the Court sees as an attempt to sue the Polk County Sheriff's Office;[2] (3) Brent Waak, identified as Polk County's sheriff; (4) Mark Biller, identified as Polk County's district attorney; and (5) "Polk Co District Attorney Office," which the Court construes as an attempt to sue the Polk County District Attorney's Office.[3] (*See* Dkt. 1 at 1-2.)

Jacobs first asserts that this Court has jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332. (*See id*. at 3.[4]) But the template complaint form that Jacobs uses asks the question, "*If the basis for jurisdiction is Federal Question*, which [f]ederal . . . right is at issue?" (*Id.* (emphasis added).) Jacobs answered this question (*id.* (stating "14th Amendment")), suggesting that he also believes that federal-question jurisdiction under 28 U.S.C. § 1331 exists here.

The Complaint presents one paragraph of substantive allegations:

> Defendants of local government [entity] in Wisconsin in [collaboration] with Discovery ID Media have violated Plaintiff's 14th Amendment as well as several Wisconsin state statutes ([Wis. Stat. §] 950.055 and [Wis. Stat. §] 995.050[)] related to personal privacy and child witness law by participating in a true crime nationally aired TV documentary, [in] which personal identification [identifiers] were broadcasted without prior consent or notification.

---

[2]   All "Polk County" references here are to Polk County, Wisconsin. (*See* Dkt. 1 at 1-2.)

[3]   "Polk Co District Attorney Office" does not appear in the Complaint's caption, but does appear in the defendant list on page 2. (*See id.* at 2.)

[4]   Jacobs identifies himself as a Minnesota citizen and states that the "Polk County Sheriff and District Attorney's Office" are Wisconsin residents. (*Id.* at 3.) He provides no state of citizenship for Warner Bros. Discovery, Inc.; Waak; or Biller. (*See id.*)

> Plaintiff contacted the [Department] of Justice victim/witness for investigation. DOJ confirmed listed defendants did in fact violate[] privacy & witness rights resulting in violation of 14th Amendment of [certain] rights of Plaintiff.[5]

(*Id.* at 4.)

A document attached to the Complaint—a "Notice of Injury and Claim" that Jacobs completed in October 2022—provides a bit more detail. (*See* Dkt. 1-1.) It states that when Jacobs was a minor, he was a "key witness" in a homicide matter. (*See id.* at 1.) As part of this, he was "forced to testify" and "placed in protective custody under [the] control of" Biller, then Polk County's district attorney. (*See id.*) The document provides no further details about any defendants' conduct.[6]

For relief, Jacobs asks for $1,495,000 in damages. (*See* Dkt. 1 at 4.)

## II.   ANALYSIS

### A.   Standards of Review

Rather than pay this action's filing fee, Jacobs submitted the IFP Application. Under the federal statute governing *in forma pauperis* ("IFP") proceedings, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be

---

[5]   The insertions here of "identifiers" and "certain" are guesses on the Court's part; the words here are illegible.

[6]   Jacobs may have misfiled this document. Writing on the first page of Dkt. 1-1 suggests that at least one other page was supposed to be attached, but no further pages appear in the filed copy.

3

granted . . . ." 28 U.S.C. § 1915(e)(2).  While the wording here includes the phrase "the case," courts in this District routinely use the statutory provision to dismiss portions of cases as well.  *See, e.g.*, *Bishop v. Swanson*, No. 12-CV-0135 (KMM/DTS), 2023 WL 1786468, at *4 (D. Minn. Jan. 24, 2023) (citing cases), *R. & R. adopted*, 2023 WL 2523902 (D. Minn. Mar. 15, 2023); *Mendez v. Kallis*, No. 21-CV-1147 (PJS/BRT), 2021 WL 3476681, at *2 (D. Minn. May 27, 2021) (citing cases), *R. & R. adopted in relevant part*, 2021 WL 2911171 (D. Minn. July 12, 2021), *aff'd*, No. 21-2667, 2021 WL 6689158 (8th Cir. Aug. 16, 2021).

With respect to frivolity, a case is frivolous when "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Dortch v. Minnesota*, No. 22-CV-1199 (JRT/ECW), 2023 WL 2600083, at *2 (D. Minn. Mar. 22, 2023) (quoting *Neitzke*).  This District's courts have regularly held that when a complaint fails to allege what a defendant did that causes liability, the pleading lacks an arguable basis in fact—making it frivolous—for that defendant.  *See, e.g.*, *Stanton v. Gomey Allenberg & O'Reilly, PC*, No. 22-CV-1706 (PJS/JFD), 2022 WL 3108027, at *2 (D. Minn. Aug. 4, 2022) (citing cases); *Crabtree v. Roseau Cnty. Sheriff Off.*, No. 22-CV-0093 (WMW/HB), 2022 WL 1523691, at *2 (D. Minn. Mar. 17, 2022) (same), *R. & R. adopted*, 2022 WL 1522571 (D. Minn. May 13, 2022).

When reviewing whether a complaint states a claim on which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v.*

4

*Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)).  A complaint's factual allegations need not be detailed, but must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities).  A complaint must "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations.  *See, e.g.*, *id.* at 678 (citing *Twombly*, 550 U.S. at 555).  A district court's assessment of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense."  *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)).  Courts are to construe pro se complaints "'liberally,'" but such pleadings must still allege enough facts to support the claims advanced.  *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**B.     Discussion of Claims**

    **1.     Claims against governmental entities**

The Court will first address the Complaint's allegations against the governmental entities and individuals (i.e., all Defendants save Warner Bros. Discovery, Inc.).  As a threshold point, because (as noted above) the Complaint invokes the U.S. Constitution's

5

Fourteenth Amendment, the Court concludes that federal-question jurisdiction exists here.[7]

As best as the Court can tell, the Complaint has no specific allegations about any of the named governmental entities. (*See* Dkt. 1 at 4.) The Complaint does refer to "Defendants of local government [entity]" (*id.*), but this is insufficient: Jacobs means to sue several different governmental entities—as well as two individuals with government affiliations—so a simple reference to local-government defendants does not specify whom the relevant allegations target. And while the noted attachment contains specific points about Mark Biller, these are simply that Biller was the district attorney when Jacobs was a homicide-trial witness and that Jacobs was placed in "protective custody under [Biller's] control." (Dkt. 1-1 at 1.) These statements do not suggest any sort of liability on Biller's part.[8] The Court therefore recommends dismissing the Complaint

---

[7] To the extent that Jacobs would have this Court proceed based on diversity jurisdiction, the Court cannot do so. It is a plaintiff's burden to establish that subject-matter jurisdiction exists over an action. *See, e.g.*, *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989)); *Knights of Columbus v. Brisk*, No. 20-CV-0421 (PJS/LIB), 2020 WL 6809061, at *4 (D. Minn. Nov. 3, 2020), *R. & R. adopted*, 2020 WL 6802186 (D. Minn. Nov. 19, 2020). Establishing diversity jurisdiction, as relevant here, requires establishing the citizenship of **all** defendants. *See, e.g.*, *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)); *Health Care Serv. Corp. v. Albertsons Companies, LLC*, No. 21-CV-0461 (WMW/KMM), 2021 WL 4273020, at *1 (D. Minn. Sept. 21, 2021). Jacobs has not done so here.

[8] Indeed, the sentences suggest that Biller's relevant conduct here is of the sort protected by prosecutorial immunity. *See, e.g.*, *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020) (discussing prosecutorial-immunity doctrine); *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (same).

without prejudice as frivolous with respect to Defendants "Polk Co Wi Sheriff Dept," Brent Waak, Mark Biller, and "Polk Co District Attorney Office."

### 2. Claims against Warner Bros. Discovery

This leaves the Complaint's claims against Warner Bros. Discovery. As to this defendant, the Court concludes that the Complaint does have a relatively specific allegation—namely, that this entity was involved in producing and/or airing a documentary that revealed certain "identifiers" about Jacobs. (Dkt. 1 at 4.) But as noted above, when assessing whether a complaint states a claim, the court disregards legal conclusions couched as factual allegations. Here, the Complaint simply asserts, with no supporting detail, that the relevant documentary broadcasted certain "personal identification identifiers" without Jacobs's consent. Without more detail, this claim is simply a legal conclusion couched as a factual allegations; it does not state a claim for which this Court can provide relief. Perhaps a more detailed pleading would state a claim here, but the Court need not decide that point. At present, the Complaint's allegations against Warner Bros. Discovery do not state a claim. The Court therefore recommends dismissing the Complaint's claims against Warner Bros. Discovery without prejudice.

### C. IFP Application

Given the earlier discussion, the Court has recommended dismissing the Complaint in its entirety. As a result, the Court further recommends denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Plaintiff Anderson Lee Jacobs's Complaint (Dkt. 1) be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

2. Jacobs's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) be **DENIED** as moot.


Dated: March 31, 2023                     *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).